IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL THOMAS, JR., #47018-044,

        Petitioner,

v.

Case No. 21-cv-00194-NJR

ERIC WILLIAMS,

        Respondent.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Carl Thomas, Jr. is an inmate in the custody of the Bureau of Prisons ("BOP"). He is currently incarcerated in the Residential Reentry Management Office in St. Louis.[1] He filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 requesting that the Court grant him earned-time credits pursuant to the First Step Act. (Doc. 1, p. 2). Respondent filed a Response to the Petition. (Doc. 14).

## DISCUSSION

Thomas pled guilty to a charge of being a felon in possession of a firearm in the United States District Court for the Eastern District of Missouri. *United States v. Thomas*, No. 4:17-cr-416-CDP-1. His projected release date is February 8, 2023. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2022).

---

[1] Because Warden Williams was Thomas's custodian at the time the Petition was filed, the Court retains jurisdiction over the Petition even though Thomas was transferred to RRM St. Louis. *See In re Hall*, 988 F.3d 376 (7th Cir. 2021). Transferring Thomas to a facility outside this district does not divest this Court of subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo*, 323 U.S. 283 (1944)).

BOP inmates can challenge the loss of time credit through a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Before the Court can consider such a claim, however, the petitioner must exhaust administrative remedies. *Jackson*, 707 F.2d at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

The exhaustion requirement in Section 2241 cases is not statutorily mandated and thus is not jurisdictional. The Seventh Circuit has recognized that there can be exceptions to the requirement, but "sound judicial discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The Supreme Court has identified two purposes for the exhaustion requirement—protection of the agency's authority and promotion of judicial economy. *Id.* at 1017.

The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program "applies to all inmates in institutions operated by the Bureau of Prisons. . . ." § 542.10(b).

Thomas concedes that he has not exhausted his administrative remedies. He defends his lack of exhaustion by arguing that "[t]his case [ ] presents a narrow dispute of statutory construction which is exempt from the exhaustion requirement." (Doc. 1, p. 3). The Court declines to excuse Thomas's failure to exhaust his administrative remedies. Courts *may* excuse the failure to exhaust where:

(1) requiring exhaustion of administrative remedies causes prejudice, due

> to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The problem is Thomas has not offered a valid reason for failing to exhaust. Accordingly, the Court declines to excuse Thomas's failure to exhaust administrative remedies.

Even if Thomas exhausted his administrative remedies, he is ineligible to receive earned-time credits under the First Step Act based on the record before the Court. To determine whether an inmate is eligible to apply earned-time credits under the First Step Act, the BOP conducts a risk and needs assessment, known as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). The assessment places inmates in one of four categories to determine risk of recidivism: minimum, low, medium, or high. Only inmates with "a demonstrated recidivism risk reduction or [ ] [who] [have] maintained a minimum or low recidivism risk" are eligible to apply earned FSA time credits. 18 U.S.C. § 3624 (g)(1); *see also Knight v. Bell*, 2021 WL 1753791, at *4 (D. Md. May 4, 2021) (acknowledging that "[b]efore the credits are applied, however, eligible inmates must first serve a certain portion of their sentence and attain a low or minimum risk level on PATTERN").

Thomas's November 2021 PATTERN score indicated he was a "high" recidivism risk. (Doc. 14, pp. 7-8). Thomas's previous PATTERN scores also indicated he was a

"high" recidivism risk. (Docs. 11-2; 14-2). Based on the record before the Court,[2] Thomas has yet to receive a PATTERN score indicating a minimum or low risk of recidivism. Until Thomas receives a "minimum" or "low" PATTERN score, he is ineligible to receive earned-time credits under the First Step Act.

## DISPOSITION

For these reasons, Carl Thomas's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   December 30, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] Neither Thomas nor the Government have provided more recent PATTERN scores indicating a minimum or low risk.